UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| J&J SPORTS PRODUCTIONS, INC., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. 6:17-CV-19 |
| | § | |
| RAMSEY APOLONIO JASO, et. al. | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff J&J Sports Productions, Inc.'s (J&J) Motion for Final Default Judgment as to both Defendants. D.E. 9. The Court grants the motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This is an anti-piracy suit brought under the Federal Communications Act of 1934, as amended. 47 U.S.C. §§ 553 and 605. J&J claims that Defendants illegally intercepted the closed circuit telecast of the April 12, 2014, Manny Pacquiano v. Timothy Bradley, II WBO Welterweight Championship Fight Program and exhibited the event at its establishment, Not Tha Bar Dirty's Place a/k/a Not The Bar, located at 301 Holmes St., Woodsboro, TX 78393.

J&J filed suit against Defendants on April 3, 2017. D.E. 1. Summons was requested for both defendants on April 14, 2017. D.E. 3. The returns of service were filed with the Court on May 31, 2017. D.E. 4, 5. David Stanfield delivered the Summons, Plaintiff's Original Complaint, and other documents to Ramsey Apolonio Jaso in person at 102 Osage St, Refugio, Tx 78377 on May 24, 2017. Stanfield also delivered the Summons, Original Complaint, and other documents to Megan Nicole Amador in person at 102 Osage St, Refugio, Tx 78377 on May 24, 2017. Neither Defendant filed an answer to the complaint.

J&J requested the Clerk enter default judgment against both Defendants on August 8, 2017. D.E. 8. The Clerk did so on December 8, 2017.

## ANALYSIS

Rule 55 authorizes a default judgment when a defendant fails to appear in an action after service of process. The Defendants were personally served with the summons and Plaintiff's Original Complaint. Fed. R. Civ. P. 55(b). J&J's complaint sought statutory damages for violations of §§ 553(c)(3)(A)(ii), 553(c)(3)(B), 605(e)(3)(C)(i)(II), § 605(e)(3)(C)(ii), an injunction, attorney's fees and costs, and pre and post-judgment interest.

J&J's default judgment evidence consists of 1) Affidavit Thomas P. Riley, 2) Closed Circuit Television License Agreement, 3) Affidavit of Deanna Reyes, and 4) the Rate Card for the event in support of its damages claim. D.E. 9-1, pp. 4-27. In support of its claim for attorney fees, J&J provides the affidavit of its counsel and exhibits. *Id.*, pp. 28-54.

Subsection 553(a) prohibits the unauthorized interception or reception of any communication over a cable system unless specifically authorized by a cable operator. 47 U.S.C. § 553. Willful violations of subsection 553(a) are subject to statutory penalties as follows:

> b) Penalties for willful violation
> (1) Any person who willfully violates subsection (a)(1) of this section shall be fined not more than $1,000 or imprisoned for not more than 6 months, or both.
> (2) Any person who violates subsection (a)(1) of this section willfully and for purposes of commercial advantage or private financial gain shall be fined not more than $50,000 or imprisoned for not more than 2 years, or both, for the first such offense and shall be fined not more than $100,000 or imprisoned for not more than 5 years, or both, for any subsequent offense.
> (3) For purposes of all penalties and remedies established for violations of subsection (a)(1) of this section, the prohibited activity established herein as it applies to each such device shall be deemed a separate violation.

*Id.*

Damages awarded pursuant to a violation of § 553(a), include actual damages and any profits of the violator attributable to the violation; or statutory damages "in a sum of

not less than $250 or more than $10,000 as the court considers just," and in any case in which the violation was committed willfully and for the purposes of commercial advantage or private financial gain, the court may increase the award of damage by an amount no more than $50,000. *Id.* Statutory damages pursuant to § 605 are similar.

J&J seeks an award of statutory damages of $10,000 and an additional award of willful damages in the amount of five times the statutory damages plus attorney's fees in the amount of a one-third contingency fee. The witness to the violation established that one television sets displayed the fight between Vargas and Allakheverdievr at 9:43 p.m. on April 12, 2014. Nineteen people were in the bar which had a fire code capacity of 50. According to the rate card, the fee for a commercial establishment with a fire code capacity of 50 persons was $2200.

Additionally, J&J has provided the Court with counsel's affidavit which states that a 1/3 contingent fee is reasonable and alternatively, he estimates that attorneys for J&J "reasonably expended or will expend a minimum of four (4) hours on this litigation through the preparation of Plaintiff's Motion for Default Judgment . . ." and seeks a blended hourly rate of $250 perhour. D.E. 9-1, pp. 32-35.

The Court finds that statutory damages of $4400 are reasonable and additional damages for willful conduct in the amount of $ *1,000* will be awarded, along with attorney's fees in the amount of $1000, and post-judgment interest at the rate of .11% per annum. No pre-judgment interest is awarded. Plaintiff is also entitled to recover the following conditional awards of attorney's fees from Defendants in the following circumstances:

   a. $ *1,000* in the event a defendant a files a motion to vacate, Rule 60 motion, motion for new trial, motion for reconsideration or other post-judgment, pre-appeal motion that does not result in a reversal of the Judgment obtained in this action;

   b. $ *1,000* in the event a defendant files an appeal to the Fifth Circuit Court of Appeals that does not result in a reversal of the Judgment obtained in this action;

c. $ 5000 for making and/or responding to a petition for certiorari to the U.S. Supreme Court that does not result in a reversal of the Judgment obtained in this action;

d. $ 10000 for an appeal to the United States Supreme Court in the event a petition for certiorari review is granted and does not result in a reversal of the Judgment obtained in this action; and

e. Two Thousand Five Dollars ($2,500.00) for collection of the Judgment rendered in this case, should Plaintiff obtain a writ of execution, writ of garnishment, writ of attachment or other process.

## II. CONCLUSION

For the foregoing reasons, J&J's motion for default judgment (D.E. 9) is GRANTED.

ORDERED this 26 day of Jan , 2018.

HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE